UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLINGTON DOTTIN,

    Petitioner,

v.                                  CASE NO. 8:07-CV-884-T-27MAP

JAMES V. McDONOUGH, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system represented by counsel, initiated this cause of action on May 22, 2007, by filing a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 (Dkt. 1), a memorandum of law in support of the petition (Dkt. 2), a Motion to Accept Petition for Writ of Habeas Corpus in Excess of Page Limit (Dkt. 3), and Motion to Stay Federal Habeas Proceedings Pending State Exhaustion (Dkt. 4). Petitioner is challenging his 2003 convictions for second degree murder with a firearm and attempted first degree murder with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida.

The state appellate court affirmed the trial court's denial of Petitioner's application for state post-conviction relief on May 4, 2007, in a *per curiam* decision without written opinion. Petitioner filed a motion in the state appellate court on May 18, 2007, requesting a written decision. *See Grate v. State*, 750 So. 2d 625, 626 (Fla. 1999) ("Regardless of how a petition seeking review of a district court decision is styled, this Court does not have jurisdiction to review per curiam decisions rendered without opinion..."). According to Petitioner, only one day of the one-year limitations period applicable to §2254 petitions remained unexpired when he

filed the instant petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A prisoner seeking state postconviction relief might avoid [the time bar] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.") (citing *Rhines v. Weber*, 544 U.S. 269, 270 (2005)).

On June 13, 2007, Petitioner filed in this Court a Notice of Finality of State Proceedings (Dkt. 6) in which he asserts that on June 11, 2007, the state appellate court denied his Motion for Written Opinion, the state process is now final, and his claims are now properly before the Court for consideration.

The Court finds Petitioner presented good cause to grant the request for a stay pending a ruling by the state appellate court on Petitioner's Motion for a Written Opinion. However, in light of the fact that the state appellate court has denied his Motion for Written Opinion, his motion to stay is now moot.

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion to Accept Petition for Writ of Habeas Corpus in Excess of Page Limit (Dkt. 3) is **GRANTED**.

2. Petitioner's Motion to Stay Federal Habeas Proceedings Pending State Exhaustion (Dkt. 4) is **DENIED** as moot.

3. Respondents shall have **SIXTY (60) DAYS** from the date of this Order within which to respond to the Petition and to show cause why the Petition should not be granted. The response shall respond to the allegations of the Petition. In addition, it shall state whether the Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both

from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the response shall contain a detailed explanation of which state remedies are available to the Petitioner.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996. This law amended 28 U.S.C. § 2244(d) by adding the following new subsection:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). If the one-year limitation period is applicable, the response shall state whether the Petition was filed within the above-quoted period of limitation. The response shall contain a detailed explanation of how the Petition was or was not filed within the one-year

3

limitation period and include an authenticated copy of Petitioner's state court record sufficient to enable this Court to determine when Petitioner's conviction became final and any applicable tolling resulting from the filing of post-conviction motions.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial, trial, or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the response, it shall be filed by the Respondents with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by the Respondents and filed.

If the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by the Respondents with the response. In addition, the response shall contain the <u>citation(s)</u> to the state court opinion(s) that is (are) reported.

4. Both parties shall ensure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

5. After Respondents file a response, Petitioner shall have **THIRTY (30) DAYS** in

which to file a reply, if any. *See* Rule 5(e), Rules Governing Section 2254 Cases (2006).

      6. The **Clerk of the Court** is directed to send a copy of this Order, the Petition, and every paper filed herein, to the Respondents and the Attorney General of the State of Florida. A copy of this Order shall also be served on counsel for the Petitioner.

      **DONE AND ORDERED** in Tampa, Florida, on June 27th, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:
Respondents/All Counsel of Record
SA:sfc

5